UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHIGAN ELECTRICAL EMPLOYEES' PENSION FUND,
Trustees of; MICHIGAN ELECTRICAL EMPLOYEES HEALTH
PLAN, Trustees of; NATIONAL ELECTRICAL BENEFIT FUND,
Trustees of; NATIONAL ELECTRICAL ANNUITY FUND,
Trustees of; LANSING ELECTRICAL JOINT APPRENTICESHIP
AND TRAINING COMMITTEE TRUST, Trustees of;
LANSING LABOR-MANAGEMENT COOPERATION
FUND, Trustees of; and IBEW LOCAL 665 SUPPLEMENTAL
UNEMPLOYMENT BENEFIT FUND, Trustees of,

    Plaintiffs,                                         Case No.
                                                     Hon.

v.

BEST ELECTRICAL SERVICE INC.,

    Defendant.
_____/
SACHS WALDMAN, PROFESSIONAL CORPORATION
GEORGE H. KRUSZEWSKI (P25857)
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
_____/

## **COMPLAINT**

The above-named Plaintiffs, by and through their attorneys, SACHS WALDMAN, PROFESSIONAL CORPORATION, complaining against the above-named Defendant, respectfully show unto this Court as follows:

1

1. Plaintiffs are the Trustees of the Michigan Electrical Employees' Pension Fund, Michigan Electrical Employees Health Plan, National Electrical Benefit Fund, National Electrical Annuity Fund, Lansing Electrical Joint Apprenticeship Training Committee Trust, Lansing Labor-Management Cooperation Fund, and IBEW Local 665 Supplemental Unemployment Benefit Fund (collectively, "Funds"), which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §185, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, *et seq.*, and maintain their principal offices in Lansing, Michigan, with the exception of the National Electrical Benefit Fund and National Electrical Annuity Fund, which maintain their principal offices in the City of Rockville, Maryland.

2. Defendant Best Electrical Service Inc. does business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in the City of Laingsburg, County of Shiawassee, State of Michigan. Defendant Best Electrical Service Inc. was formerly known as Spartan Electric Services, Inc. and Central Electric Services, Inc. Defendant Best Electrical Service Inc. has registered Best Blasting Services Inc. as an assumed name with the State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of a collective bargaining agreement entered into by International Brotherhood of Electrical Workers Local Union No. 665, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12), and defendant, as an employer.

4. Venue of the United States District Court for the Eastern District of Michigan, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which defendant resides.

5. Defendant Best Electrical Service Inc. became bound to the collective bargaining agreements then in effect and subsequently entered into between International Brotherhood of Electrical Workers Local Union No. 665 and defendant Best Electrical Service Inc. (hereinafter, "Agreements"), copies of which are in defendant's possession.

6. Defendant Best Electrical Service Inc. also is and has been bound by the terms of the applicable trust agreements establishing plaintiffs incorporated by reference in the Agreements.

7. Under the terms of the Agreements, defendant Best Electrical Service Inc. became obligated to make contributions to the plaintiffs with respect to

covered work performed by and wages paid to employees of defendant Best Electrical Service Inc. and to submit the books and records of defendant Best Electrical Service Inc. to plaintiffs for periodic inspection and audit.

8. Defendant Best Electrical Service Inc. has, in violation of its contractual obligations, failed to pay all of the contributions it was obligated to pay.

9. An audit of the books and records of defendant Best Electrical Service Inc. revealed an indebtedness of $40,793.71 for the audit period of January 2013 through May 2016, consisting of $35,629.38 in unpaid contributions, $4,370.77 in audit assessments, $19.90 in late payment assessments, $594.54 in interest due to the National Electrical Annuity Fund and $179.12 in interest due to the National Electrical Benefit Fund.

10. Defendant Best Electrical Service Inc. incurred $1,508.08 in interest (of which $594.54 was included in the audit results) and $250.00 estimated in audit costs due to the National Electrical Annuity Fund.

11. Defendant Best Electrical Service Inc. incurred $478.79 in interest (of which $179.12 was included in the audit results) and $250.00 in estimated audit costs due to the National Electrical Benefit Fund.

12. The full amount of defendant's indebtedness to plaintiffs for the period June 2016 to present cannot be determined until defendant Best Electrical Service Inc. submits its complete books and records for inspection and audit.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant Best Electrical Service Inc. containing the following provisions:

A. Adjudicating that defendant Best Electrical Service Inc. is bound to pay contributions to plaintiffs as alleged in this Complaint from, at the latest, January 2013;

B. Awarding plaintiffs the amount of $42,506.92, which is the sum of the $40,793.71 unpaid indebtedness for the period of January 2013 through May 2016, plus $1,163.54 in additional amounts due to the National Electrical Annuity Fund $549.67 in additional amounts due to the National Electrical Benefit Fund;

C. Requiring defendant to make available to an auditor appointed by plaintiffs **all** of the books, records and accounts of defendant Best Electrical Service Inc. showing work performed by employees, hours worked by employees and any sums paid to plaintiffs and to employees covered by the Agreements for the period of June 2016 to the date of said audit, and to pay for the cost of auditing said books;

D. Awarding plaintiffs all amounts revealed by the audit in paragraph C, as owed by defendant to plaintiffs;

E.  Awarding plaintiffs all costs, liquidated damages, interest, and attorneys fees incurred in bringing and prosecuting this present action to which they are entitled under Section 502(g)(2) of ERISA, 29 USC 1132(g)(2); and

F.  Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

                              Respectfully submitted,

                              SACHS WALDMAN,
                              PROFESSIONAL CORPORATION

                              BY:   /s/Hope L. Calati
                                  HOPE L. CALATI (P54426)
                                  1423 E. Twelve Mile Rd.
                                  Madison Heights, MI 48071
                                  (248) 658-0800
                                  hcalati@sachswaldman.com

Date:  August 31, 2017